**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
                                          (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

BRH LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

22 – 2640650

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 16    La Pièce | 47548   Halyard Drive |
| Number    Street | Number    Street |
| | P.O. Box |
| Rolle    1180 | Plymouth    MI    48170 |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Switzerland | |
| County | Number    Street |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)

www.garrettmotion.com

| Debtor | BRH LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3363

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*

  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ A plan is being filed with this petition.

  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

Debtor    **BRH LLC**
_____
Name

Case number *(if known)*_____

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor    See Annex 1 _____ Relationship _____

District _____ When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

Debtor    **BRH LLC**_____    Case number (if known)_____
Name

---

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☑ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  9 / 20 / 2020
MM / DD / YYYY

✖ /s/ Sean Deason_____    Sean Deason_____
Signature of authorized representative of debtor    Printed name

Title  Authorized Signatory_____

---

*Estimates provided on a consolidated basis for all debtors.

Debtor    BRH LLC
_____
Name

Case number *(if known)* _____

**18. Signature of attorney**

✘ /s/ Andrew G. Dietderich
_____
Signature of attorney for debtor

Date   9 /   20 / 2020
_____
MM   / DD   / YYYY

Andrew G. Dietderich
_____
Printed name

Sullivan & Cromwell LLP
_____
Firm name

125      Broad Street
_____
Number    Street

New York
_____
City

NY
_____
State

10004
_____
ZIP Code

(212) 558-4000
_____
Contact phone

dietdericha@sullcrom.com
_____
Email address

2850584
_____
Bar number

NY
_____
State

**ANNEX 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this Court for relief under Chapter 11 of Title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the Chapter 11 case of Garrett Motion Inc.

1. Garrett Motion Inc.
2. BRH LLC
3. Calvari Limited
4. Friction Materials LLC
5. Garrett ASASCO Inc.
6. Garrett Borrowing LLC
7. Garrett Holding Company Sàrl
8. Garrett LX I S.à r.l.
9. Garrett LX II S.à r.l.
10. Garrett LX III S.à r.l.
11. Garrett Motion Australia Pty Limited
12. Garrett Motion Automotive Research Mexico S. de R.L. de C.V.
13. Garrett Motion Holdings Inc.
14. Garrett Motion Holdings II Inc.
15. Garrett Motion International Services S.R.L.
16. Garrett Motion Ireland A Limited
17. Garrett Motion Ireland B Limited
18. Garrett Motion Ireland C Limited
19. Garrett Motion Ireland Limited
20. Garrett Motion Italia S.r.l.
21. Garrett Motion Japan Inc.
22. Garrett Motion LLC
23. Garrett Motion México, Sociedad Anónima de Capital Variable
24. Garrett Motion Romania S.R.L.
25. Garrett Motion Sàrl
26. Garrett Motion Slovakia s.r.o.

27. Garrett Motion Switzerland Holdings Sàrl

28. Garrett Motion UK A Limited

29. Garrett Motion UK B Limited

30. Garrett Motion UK C Limited

31. Garrett Motion UK D Limited

32. Garrett Motion UK Limited

33. Garrett Transportation I Inc.

34. Garrett Transportation Systems Ltd

35. Garrett Transportation Systems UK II Ltd

36. Garrett TS Ltd

37. Garrett Turbo Ltd

EXECUTION VERSION

**WRITTEN CONSENT
OF THE SOLE MEMBER OF
BRH LLC**

**September 20, 2020**

The undersigned, being the sole member of BRH LLC, a Delaware limited liability company (the "Company"), does hereby consent to the adoption of and hereby adopt the following resolutions without a meeting of the member of the Company (the "Sole Member"):

Voluntary Petitions and Bankruptcy Case

WHEREAS, the Sole Member has reviewed and discussed the financial and operational condition of the Company and the Company's business, including the current and historical performance of the Company, the assets and liquidity of the Company, the current and long-term liabilities of the Company and current market conditions;

WHEREAS, the Sole Member has received, reviewed, and discussed the recommendations of management of the Company's corporate group and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including a bankruptcy proceeding (the "Bankruptcy Case") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and has discussed forms or descriptions of the key "first day" and "second day" filings that would be proposed to be made by the Company in connection with the Bankruptcy Case (the "Initial Filings");

WHEREAS, after review and discussion and due consideration of all of the information presented to the Sole Member, the Sole Member deems it advisable and in the best interests of the Company, its stockholders, its creditors, its subsidiaries, its stakeholders and other interested parties for the Company to commence the Bankruptcy Case by filing a voluntary petition for relief under the provisions of the Bankruptcy Code (the "Petition"); and

WHEREAS, after review and discussion and due consideration of all of the information presented to the Sole Member, the Sole Member deems it advisable and in the best interests of certain subsidiaries of the Company (the "Subsidiary Debtors") that each of the Subsidiary Debtors also file a voluntary petition (collectively, the "Subsidiary Petitions") for relief under the provisions of the Bankruptcy Code, along with corresponding resolutions authorizing Designated Persons (as defined below) to cause or direct the Subsidiary Debtors to execute and verify the Subsidiary Petitions and to cause the Subsidiary Petitions to be filed with the Bankruptcy Court; and

WHEREAS, the Sole Member deems it advisable and in the best interests of the Company, its stockholders, its creditors, its subsidiaries, its stakeholders and other interested parties for the Company to make the Initial Filings and to conduct the business of the Company as contemplated thereby;

NOW, THEREFORE, BE IT RESOLVED, that having considered all relevant facts and circumstances, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its stockholders, its creditors, its subsidiaries, its stakeholders and other interested parties that the Petition and the Initial Filings be filed by the Company in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

FURTHER RESOLVED, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition and the Initial Filings and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and

FURTHER RESOLVED, that the Company shall be, and it hereby is, authorized, directed and empowered to enter into and perform its obligations (including with respect to the payment of any consent fee) under the Restructuring Support Agreement, by and among Garrett Motion Inc., the Company, the other debtors party thereto and the consenting lenders party thereto; and

FURTHER RESOLVED, that Jerome P. Maironi, Sean Deason or any other authorized representative of the Company (each, a "Designated Person" and collectively, the "Designated Persons") be, and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute and verify the Petition and the Initial Filings as well as all other ancillary documents and to cause the Petition and the Initial Filings to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition, the Initial Filings, or any ancillary documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing; and

FURTHER RESOLVED, that the law firm of Sullivan and Cromwell LLP ("S&C") be, and hereby is, authorized, empowered and directed to represent the Company as its counsel in connection with the Bankruptcy Case, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of S&C; and

FURTHER RESOLVED, that the law firm of Quinn Emanuel Urquhart & Sullivan LLP ("QE") be, and hereby is, authorized, empowered and directed to represent the Company as its co-counsel in connection with the Bankruptcy Case, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights, including the preparation of pleadings

and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of QE; and

FURTHER RESOLVED, that the investment bank of Perella Weinberg Partners LP ("Perella") be, and hereby is, engaged to provide investment banking and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Perella; and

FURTHER RESOLVED, that the investment bank of Morgan Stanley & Co. LLC ("Morgan Stanley") be, and hereby is, engaged to provide investment banking and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Morgan Stanley; and

FURTHER RESOLVED, that the firm of AlixPartners LLP ("AlixPartners") be, and hereby is, engaged to provide restructuring advice and other services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners; and

FURTHER RESOLVED, that the firm of Kurtzman Carson Consultants LLC ("KCC") be, and hereby is, engaged to act as notice, claims and balloting agent and to provide other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of KCC; and

FURTHER RESOLVED, that, any Designated Person, acting alone or in any combination, be, and hereby is, authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants, restructuring advisors,

notice, balloting and claims agents and other professionals as appropriate in connection with the Bankruptcy Case and all related matters.

DIP Financing

WHEREAS, the Sole Member, in contemplation of the Bankruptcy Case, is considering entering into the Guarantee Agreement (defined below) and pledging certain assets as collateral in connection with a Debtor-In-Possession Credit Agreement (the "Credit Agreement"), by and among Garrett Motion Inc., as borrower (in such capacity, the "Borrower"), Citibank, N.A. as administrative agent (in such capacity, the "Administrative Agent") and the lenders party thereto from time to time (collectively, the "Lenders"), with BRH LLC; Calvari Limited; Friction Materials LLC; Garrett ASASCO Inc.; Garrett Borrowing LLC; Garrett Holding Company Sàrl; Garrett LX I S.à.r.l.; Garrett LX II S.à.r.l.; Garrett LX III S.à.r.l.; Garrett Motion Automotive Research Mexico S. de R.L. de C.V.; Garrett Motion Australia Pty Limited; Garrett Motion Holdings Inc.; Garrett Motion International Services S.R.L.; Garrett Motion Ireland A Limited; Garrett Motion Ireland B Limited; Garrett Motion Ireland C Limited; Garrett Motion Ireland Limited; Garrett Motion Italia S.r.l.; Garrett Motion Japan Inc.; Garrett Motion LLC; Garrett Motion México, Sociedad Anónima de Capital Variable; Garrett Motion Romania S.R.L.; Garrett Motion Sàrl; Garrett Motion Slovakia s.r.o.; Garrett Motion Switzerland Holdings Sàrl; Garrett Motion UK A Limited; Garrett Motion UK B Limited; Garrett Motion UK C Limited; Garrett Motion UK D Limited; Garrett Motion UK Limited; Garrett Transportation I Inc.; Garrett Transportation Systems Ltd; Garrett Transportation Systems UK II Ltd; Garrett TS Ltd and Garrett Turbo Ltd (collectively, the "Subsidiary Guarantors"), acting as guarantors thereto pursuant to a Guarantee Agreement (the "Guarantee Agreement"), by and among the Subsidiary Guarantors, the Borrower and the Administrative Agent; and

WHEREAS, pursuant to the Credit Agreement, the lenders party thereto would extend a $250,000,000 credit facility (the "Credit Facility") to the Borrower, the proceeds of which would be used to pay fees and expenses in connection with the Bankruptcy Case and the other transactions contemplated by the Credit Agreement and the documents related thereto and to fund working capital and provide for general corporate purposes of the Borrower and the Subsidiary Guarantors (including the Company); and

WHEREAS, the Credit Facility would be secured by a security interest in substantially all of the assets, subject to certain exceptions, of the Borrower and the Subsidiary Guarantors (including the Company), and it is a requirement under the Credit Agreement and other Loan Documents (defined below) that (a) the Subsidiary Guarantors guarantee the obligations of the Borrower under the Credit Agreement and (b) the Borrower and the Subsidiary Guarantors (including the Company) each pledge substantially all of its assets, subject to certain exceptions, to secure its obligations thereunder on the terms and conditions set forth in the Loan Documents; and

WHEREAS, the Sole Member determined that the Company will derive substantial direct and indirect benefits from the extension of credit under the Credit Agreement; and

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its stockholders, its creditors, its stakeholders and other interested parties that (a) the Company enter into the Guarantee Agreement and exercise all rights and perform all obligations provided for thereunder and (b) the Company enter into any and all documents, agreements (including security agreements), notes, instruments, certificates and notices in connection with the Credit Agreement and the Guarantee Agreement as are advisable or required in accordance with the Credit Agreement and the Guarantee Agreement (collectively with the Credit Agreement and the Guarantee Agreement, the "Loan Documents") and exercise the rights and perform the obligations as shall be set forth therein;

NOW, THEREFORE, BE IT RESOLVED, that having considered all relevant facts and circumstances, it is desirable and in the best interests of the Company, its stockholders, its creditors, its stakeholders and other interested parties, and necessary to carry out the business and affairs of the Company, for the Company to enter into the Guarantee Agreement and the other Loan Documents (as applicable), perform all obligations under the Guarantee Agreement and the other Loan Documents and grant a security interest in substantially all of its assets, subject to certain exceptions, to secure its obligations under the Guarantee Agreement; and

FURTHER RESOLVED, that the guarantee of indebtedness to be evidenced by the Credit Agreement and the other Loan Documents be, and hereby is, authorized and approved in all respects, and that the officers of the Company are hereby authorized and directed to use the proceeds from the Credit Facility in the manner contemplated by and described in the Loan Documents and as they may otherwise determine to be appropriate; and

FURTHER RESOLVED, that, as collateral security for its obligations arising under, out of or in connection with the Guarantee Agreement and the other Loan Documents, the Company be, and hereby is, authorized to (i) grant to the Administrative Agent for the ratable benefit of the Lenders a security interest in its assets, subject to certain exceptions, whether now owned or existing or hereafter acquired pursuant to the terms and conditions set forth in the Credit Agreement and the other Loan Documents, and (ii) execute and deliver to the Administrative Agent any UCC financing statements, instruments and other documents required or desirable in relation to the transactions contemplated by the Credit Agreement, the other Loan Documents and any other related document; and

FURTHER RESOLVED, that the Guarantee Agreement and the other Loan Documents to be executed and delivered by the Company are in all respects hereby approved, and the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each of the Company to execute, deliver and perform the Loan Documents to which the Company is a party containing such terms as approved by the Designated Person executing the same, with such approvals to be conclusively evidenced by the execution thereof by the Designated Person, and to perform all of the agreements and obligations of the Company under the Loan Documents and to consummate the

transactions contemplated thereby, and that such Designated Persons of the Company be, and each of them individually hereby is, authorized to execute, deliver and perform such other agreements, documents, instruments, notes, certificates and notices, and to take such other actions as the Designated Person of the Company executing the same shall deem necessary or appropriate in connection with the Credit Agreement and the other Loan Documents including the granting of liens on real or personal property.

General Authorizations

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Designated Persons, and in addition to the existing signatories of the Company, any of the Designated Persons, acting alone or in any combination, be, and hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute, file (or cause to be filed) and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions and perform the obligations of the Company under the Bankruptcy Code and the Loan Documents; and

FURTHER RESOLVED, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to adopt resolutions and otherwise exercise the rights and powers of the Company as such Designated Person may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of each such subsidiary of the Company; and

FURTHER RESOLVED, that all actions heretofore taken by any Designated Person of the Company in connection with the foregoing resolutions, the Petition, the Credit Facility and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and

FURTHER RESOLVED, that the Sole Member hereby waives any notice, procedural or other formalities requirements which may be required in order to hold a meeting of the Company.

Approval Subject to Entry into Stock and Asset Purchase Agreement

RESOLVED, that the approvals and authorizations set forth in the foregoing resolutions shall in all cases be subject to the entry by the Company's affiliates, Garrett Motion Inc., Garrett Motion Holdings Inc. and Garrett ASASCO Inc. into a definitive Stock and Asset Purchase Agreement providing for the sale of substantially all of their assets.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned sole member of the Company has signed this written consent as of the date set forth above.

GARRETT TRANSPORTATION I INC.

By: _____

    Name: Jerome P. Maironi
    Title: Secretary

[*Signature Page to Consent of the Sole Member of BRH LLC*]

**Fill in this information to identify the case and this filing:**

Debtor Name  BRH LLC

United States Bankruptcy Court for the:  Southern  District of  NY
(State)

Case number (*If known*):  _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☑ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/20/2020          ✘ /s/ Sean Deason
MM / DD / YYYY          Signature of individual signing on behalf of debtor

Sean Deason
Printed name

Authorized Signatory
Position or relationship to debtor

## Consolidated List of 30 Largest Unsecured Creditors (Excluding Insiders)

Pursuant to Local Rule 1007-2(a)(4), to the best of the Debtors' knowledge and belief, the following table sets forth the information of each of the holders of the Debtors' 30 largest unsecured claims on a consolidated basis, excluding claims of insiders.

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 1 | Honeywell<br>300 South Tryon Street<br>Charlotte NC 28202<br>USA | Anne T Madden<br>+1 973 727 5996<br>anne.madden@honeywell.com | Litigation | Contingent | Undetermined |
| 2 | Tennessee Department of Environment and Conservation<br>312 Rosa L Parks Ave, Tennessee Tower, 2nd Floor<br>Nashville TN 37243<br>USA | David W. Salyers, P.E.<br>(615) 532 0109<br>https://www.tn.gov/environment/ask-tdec-form.html | Environmental Liability | Contingent | Undetermined |
| 3 | Comune di Atessa (Chieti)<br>Largo Municipio, 1<br>Atessa, Chieti 66041<br>Italy | Ing. Maurizio Calabrese<br>0872-850421<br>maurizio.calabrese@comunediatessa.it | Environmental Liability | Contingent | Undetermined |
| 4 | Deutsche Bank Luxembourg S.A<br>(as Agent on the 2026 Senior Notes)<br>Winchester House, 1 Great Winchester St<br>London State EC2N 2DB<br>United Kingdom | Adam Wilson<br>+44 20 754-70359<br>adam.wilson@db.com | Financial Debt | No | $ 422,100,000 |
| 5 | Mei Ta Industrial<br>31, Xingpang Rd.,,Kueishan Dist.,<br>Taoyuan City 33370<br>Taiwan | Michael Gao<br>+86 13920059446<br>michaelgao@nws.cn | Trade | No | $ 24,428,518 |
| 6 | WUXI YELONG PRECISION MACHINERY CO<br>Luoshe Supporting Area, Huishan Economic Development Zone<br>Wuxi JIANGSU 214187<br>China Peoples Rep | Jeff Bai<br>+86 13921507960<br>jeff.bai@wuxiyelong.com | Trade | No | $ 17,780,416 |
| 7 | Kehua<br>No.63, Yongkang Rd., Yuqiao Village, Zhuze Town<br>Liyang JIANGSU 213354<br>China Peoples Rep | Felix Chen<br>+86 13861209119<br>felix.chen@khmm.com.cn | Trade | No | $ 17,682,504 |
| 8 | UniCredit<br>8-10, rue Jean Monnet<br>L-2180<br>Luxembourg | Claudia Kapinos<br>+49 160/90109523<br>claudia.kapinos@unicredit.de | Supply Chain Financing | No | $ 16,162,417 |
| 9 | WUXI LIHU<br>No. 2, Tianzhu Road, Hudi Town, Binhu District<br>Wuxi JIANGSU 214124<br>China Peoples Rep | Kunming Huang<br>+86 13585093721<br>huangkm@chinalihu.com | Trade | No | $ 14,307,761 |
| 10 | Hella<br>Rixbecker Str. 75<br>Lippstadt NORDRHEIN-WESTFALEN 59557<br>Germany | Peter Klüner<br>+49 172 238 4356<br>peter.kluener@hella.com | Trade | No | $ 9,614,930 |
| 11 | WUXI BEST PRECISION MACHINERY CO<br>No.18, Hehuan West Road, Hudai Town, Binhu District<br>Wuxi JIANGSU 214161<br>China Peoples Rep | Winni Pu<br>+86 189 2152 3333<br>tianfeng.pu@wuxibest.com | Trade | No | $ 6,632,855 |

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 12 | CASTEC<br>24 Hakjang-ro 63beon-gil, Sasang-gu<br>Busan  47026<br>Korea, Republic of | H.S.Yoon<br>+82 10 5298 5410<br>hsyoon@castec.co.kr | Trade | No | $    6,470,162 |
| 13 | Magneti Marelli<br>via del Timavo 33<br>BOLOGNA BOLOGNA 40131<br>Italy | Giuseppe Bisceglie<br>+39 3316794104<br>giuseppe.bisceglie@marelli.com | Trade | No | $    5,610,322 |
| 14 | Cogeme<br>Calea Campulungului Nr 76b<br>Micesti  117465<br>Romania | Nicola Vendittelli<br>+39 346 85 24 521<br>nicola.vendittelli@cogemeset.eu | Trade | No | $    5,432,090 |
| 15 | MITSUBISHI ELECTRIC<br>25 BOULEVARD DES BOUVETS<br>NANTERRE Ile-de-France 92000<br>France | Albin Jayat<br>+33 1 55 68 55 68<br>Albin.Jayat@fra.mee.com | Trade | No | $    5,377,530 |
| 16 | Wescast<br>Szent Borbala u. 16.<br>Oroszlany  2840<br>Hungary | Sean Zheng<br>+86 18908087287 /<br>18930301657<br>zhengxiang@bohonggroup.com.cn | Trade | No | $    5,170,808 |
| 17 | Faist<br>VIA DELL'INDUSTRIA 2<br>MONTONE PERUGIA 6014<br>Italy | Marcello Pennicchi<br>+39 3484117493<br>pennicchi@faistcomp.com | Trade | No | $    4,558,082 |
| 18 | Shanghai LiangJi<br>No.568, Dongzhou Road, Dongjing Town,<br>Songjiang District<br>Shanghai SHANGHAI 201619<br>China Peoples Rep | Cynthia Chen<br>+86 13817782079<br>cy@liangji.com.cn | Trade | No | $    3,881,636 |
| 19 | Streit<br>21 AVENUE GASTON RENAUD<br>SANTOCHE DOUBS 25340<br>France | Roland Streit<br>+33 3 81 90 66 70<br>r.streit@groupe-streit.com | Trade | No | $    3,663,151 |
| 20 | Pierburg<br>Alfred-Pierburg-Str. 1<br>Neuss NORDRHEIN-WESTFALEN 41460<br>Germany | Karsten Sonnenschein<br>+49 1737340623<br>karsten.sonnenschein@de.kspg.com | Trade | No | $    3,137,310 |
| 21 | Wuxi Xinan Aluminum Technology Co.,<br>Rengang Village, Xuelang St., Binhu District<br>Wuxi JIANGSU 214128<br>China Peoples Rep | Gu Dengfeng<br>+86 137 7104 0622<br>Gu.dengfeng@Xn-casting | Trade | No | $    2,999,158 |
| 22 | COMPA SA<br>STR. HENRI COANDA NR 8<br>Sibiu  550003<br>Romania | Ioan Deac<br>+40 269 237 878<br>ioan.deac@compa.ro | Trade | No | $    2,908,118 |

Note: EUR/USD rate on 2026 notes and UniCredit facility: 1.00/1.18          2 of 3

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 23 | Aikoku Alpha Corp<br>4-1, HONGOJUICHI, SOBUECHOMORIKAMI<br>INAZAWA AICHI 495-0011<br>Japan | Masaki Nakashima<br>+81 587 97 8212<br>m-nakashima@aikoku.com | Trade | No | $  2,728,148 |
| 24 | Booster Precision Components<br>Hloza 2520<br>Belusa  1861<br>Slovakia | Paul Santarelli<br>+33 6 24 84 77 11<br>Paul.Santarelli@booster-precision.com | Trade | No | $  2,684,954 |
| 25 | Jiangyin Machine Building Inc<br>8 Yuexiang Road, Yuecheng Town<br>Jiangyin JIANGSU 214404<br>China Peoples Rep | Shawn Chen<br>+86 13915243695<br>shawn@jymw.com.cn | Trade | No | $  2,507,323 |
| 26 | CRRC<br>No. 258, Wuyi Road, Qishuyan Economic Development Zone<br>Changzhou JIANGSU 213011<br>China Peoples Rep | William Sun<br>+86 519 8980 8705<br>sunqing@csrqsyri.com.cn | Trade | No | $  2,443,987 |
| 27 | SICTA<br>RUE DE LA GOUTTE D AVIN<br>Auxelles-Bas  90200<br>France | André d'Alès<br>+33 3 84 58 45 09<br>aaaaa@citele.fr | Trade | No | $  2,354,638 |
| 28 | CRRC Changzhou Auto Parts Co.,Ltd.<br>No. 258, Wuyi Road, Qishuyan Economic Development Zone<br>Changzhou JIANGSU 213011<br>China Peoples Rep | William Sun<br>+86 519 8980 8705<br>sunqing@csrqsyri.com.cn | Trade | No | $  2,311,621 |
| 29 | ENKEI ALUMINIUM PRODUCTS<br>No.118 YuanQing Rd<br>Kunshan JIANGSU 215300<br>China Peoples Rep | Kitty Wang<br>+86 138 1293 9175<br>kitty.wang@enkei.com | Trade | No | $  2,144,269 |
| 30 | Schaeffler<br>200 Park Ave<br>Danbury CONNECTICUT 6813<br>USA | Stephan Hellmann<br>+49 9132 82 7865<br>hellmsep@schaeffler.com | Trade | No | $  2,044,122 |

Note: EUR/USD rate on 2026 notes and UniCredit facility: 1.00/1.18          3 of 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
                                              :
In re                                         :     Chapter 11
                                              :
                                              :     Case No. _____ (__)
GARRETT MOTION INC., *et al.*,[1]             :
                                              :
                    Debtors.                  :     Joint Administration Pending
                                              :
                                              :
———————————————————— x

## CORPORATE OWNERSHIP STATEMENT AND
## LIST OF EQUITY SECURITY HOLDERS[2]

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of

Bankruptcy Procedure, Garrett Motion Inc. on behalf of itself and certain of its affiliates as

debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represent:

1. 10.7% of Garrett Motion Inc. is owned by Blackrock, Inc., 55 East 52nd Street, New

   York, NY 10005.

2. 100% of Garrett Motion Holdings Inc. is owned by Garrett Motion Inc., 16 La Pièce,

   Rolle, 1180, Switzerland.

3. 100% of Garrett Motion Holdings II Inc. is owned by Garrett Motion Holdings Inc.,

   47548 Halyard Drive, Plymouth, MI 48170.

_____

[1]    The last four digits of Garrett Motion Inc.'s tax identification number are 3189. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/garrettmotion. The Debtors' corporate headquarters is located at La Pièce 16, Rolle, Switzerland.

[2]    This list reflects holders of ten percent or more of Garrett Motion Inc.'s common stock. This list serves as the disclosure required to be made by the Debtors pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. Pursuant to the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration Of Chapter 11 Cases and (II) Waiving Requirements Of Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n)* filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under rule 1007 to file a list of all of Garrett Motion Inc.'s equity security holders.

4. 100% of Garrett Transportation I Inc. is owned by Garrett Motion Holdings Inc., 47548 Halyard Drive, Plymouth, MI 48170.

5. 100% of BRH LLC is owned by Garrett Transportation I Inc., 47548 Halyard Drive, Plymouth, MI 48170.

6. 100% of Friction Materials LLC is owned by Garrett Transportation I Inc., 47548 Halyard Drive, Plymouth, MI 48170.

7. 98.80478088% of Garrett Motion International Services S.R.L. is owned by Garrett Transportation I Inc., 47548 Halyard Drive, Plymouth, MI 48170 and 1.19521912% of Garrett Motion International Services S.R.L. is owned by Friction Materials LLC, 234 E. Maple Drive, Troy, MI, 48083.

8. 100% of Garrett ASASCO Inc. is owned by Garrett Motion Holdings Inc., 47548 Halyard Drive, Plymouth, MI 48170.

9. 100% Garrett LX I S.à r.l. is owned by Garrett ASASCO Inc., 47548 Halyard Drive, Plymouth, MI 48170.

10. 100% of Garrett LX II S.à r.l. is owned by Garrett LX I S.à r.l., 19 Rue de Bitbourg, Luxembourg, L-1273, Luxembourg.

11. 100% of Garrett LX III S.à r.l. is owned by Garrett LX II S.à r.l., 19 Rue de Bitbourg, Luxembourg, L-1273, Luxembourg.

12. 100% Garrett Borrowing LLC is owned by Garrett LX III S.à r.l., 19 Rue de Bitbourg, Luxembourg, L-1273, Luxembourg.

13. 100% of Garrett TS Ltd is owned by Garrett LX III S.à r.l., 19 Rue de Bitbourg, Luxembourg, L-1273, Luxembourg.

14. 99.978602% of Garrett Motion Slovakia s.r.o. is owned by Garrett TS Ltd, Countess Avenue, Stanley Green Retail Park Unit E7, Cheadle, SK8 6QS, United Kingdom and 0.021398% of Garrett Motion Slovakia s.r.o. is owned by Garrett Transportation I Inc., 47548 Halyard Drive, Plymouth, MI 48170.

15. 100% of Garrett Motion Switzerland Holdings Sàrl is owned by Garrett TS Ltd, Countess Avenue, Stanley Green Retail Park Unit E7, Cheadle, SK8 6QS, United Kingdom.

16. 100% of Garrett Motion Sàrl is owned by Garrett Motion Switzerland Holdings Sàrl, Rue du Pommier 7, Neuchâtel, 2000, Switzerland.

17. 100% of Garrett Holding Company Sàrl is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

18. 100% of Garrett Motion Australia Pty Limited is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

19. 99.96666667% of Garret Motion Automotive Research Mexico S. de R.L. de C.V. is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland and 0.03333333% of Garret Motion Automotive Research Mexico S. de R.L. de C.V. is owned by Garrett Transportation Systems Ltd, Countess Avenue, Stanley Green Retail Park Unit E7, Cheadle, SK8 6QS, United Kingdom.

20. 100% of Garrett Motion Ireland A Limited is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

21. 100% of Garrett Motion Ireland Limited is owned by Garrett Motion Ireland A Limited, Unit 411, Western Industrial Estate, IDA Industrial Park, Cork Road, Waterford X91 H586, Ireland.

22. 100% of Calvari Limited is owned by Garrett Motion Ireland A Limited, Unit 411, Western Industrial Estate, IDA Industrial Park, Cork Road, Waterford X91 H586, Ireland.

23. 100% of Garrett Motion Ireland B Limited is owned by Calvari Limited, Unit 411, Western Industrial Estate, IDA Industrial Park, Cork Road, Waterford X91 H586, Ireland.

24. 100% of Garrett Motion Ireland C Limited is owned by Garrett Motion Ireland B Limited, Unit 411, Western Industrial Estate, IDA Industrial Park, Cork Road, Waterford X91 H586, Ireland.

25. 100% Garrett Motion Italia S.r.l. is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

26. 100% of Garrett Motion LLC is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

27. 99.99998124% of Garrett Motion México, Sociedad Anónima de Capital Variable is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland and 0.00001876% of Garrett Motion México, Sociedad Anónima de Capital Variable is owned by Garrett Transportation Systems Ltd, Countess Avenue, Stanley Green Retail Park Unit E7, Cheadle, SK8 6QS, United Kingdom.

28. 99.9980217% of Garrett Motion Romania S.R.L. is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland and 0.00001876% of Garrett Motion Romania S.R.L. is owned by Garrett Transportation I Inc., 47548 Halyard Drive, Plymouth, MI 48170.

29. 100% of Garrett Motion UK B Limited is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

30. 100% of Garrett Motion UK C Limited is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

31. 100% of Garrett Motion UK A Limited is owned by Garrett Motion UK C Limited, Countess Avenue, Stanley Green Retail Park Unit E7, Cheadle, SK8 6QS, United Kingdom.

32. 100% of Garrett Motion UK D Limited is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

33. 100% of Garrett Motion UK Limited is owned by Garrett Motion UK D Limited, Countess Avenue, Stanley Green Retail Park Unit E7, Cheadle, SK8 6QS, United Kingdom.

34. 100% of Garrett Transportation Systems Ltd is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

35. 100% of Garrett Motion Japan Inc. is owned by Garrett Transportation Systems Ltd, Countess Avenue, Stanley Green Retail Park Unit E7, Cheadle, SK8 6QS, United Kingdom.

36. 100% of Garrett Transportation Systems UK II Ltd is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.

37. 100% of Garrett Turbo Ltd is owned by Garrett Motion Sàrl, 16 La Pièce, Rolle, 1180, Switzerland.